The State v. Bennett.

---

THE STATE (JOHN PRICE, PROSECUTOR), vs. ELIJAH BENNETT ET AL.

In laying out a road, the surveyors should make an assessment to each owner of land who is not an applicant, and if they omit to do so the return will be set aside; but if such owner mislead the surveyors, and cause them to omit making any assessment to him, he cannot take advantage of his own wrong, and the assessment will not be set aside on account of the omission.

*Certiorari* to Cape May Common Pleas, in matter of highway.

Argued before OGDEN, HAINES and RYERSON, Justices.

HAINES, J. By the return and testimony taken, it appears that the road was laid over lands belonging, in severalty, to John Price, the prosecutor, and that no assessment of damages was made to him.

In answer to the reason assigned for reversal, it is said, that Price, by his own actions and declarations, induced the

surveyors to omit making an assessment to him, and to make it to the heirs of Daniel Swain, of which his wife is one. If so, he cannot avail himself of an omission which he has caused, and so take an advantage of his own wrong.

But the evidence of his statements, if they relate to the same land, is conflicting. Some of the witnesses say that when Price was asked whose farm they were upon, he replied that it was land of the heirs of Daniel Swain; others say that he distinctly told the surveyors they were upon his land.

He may have made these statements on different parcels of land, and then both might have been true, and the testimony harmonize.

We have had exhibited deeds showing that he, Price, held in severalty land over which the road ran, and it would be unsafe to say that the evidence shows that he caused the omission.

His deeds were upon record, and could have been seen by the applicants for the road and the surveyors, and, unless misled by Price, an assessment should have been made to him.

On the authority of *The State* v. *Everett et al.*, 3 *Zab.* 378, the proceedings of the surveyors were erroneous, and should have been set aside by the Court of Common Pleas.

The order for recording the return must be reversed, and the return and proceedings of the surveyors must be set aside.

OGDEN and RYERSON, Justices, concurred.